UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CARRILLO, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01450-MMD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| B&J ANDREWS ENTERPRISES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants First Columbia Community Management, Inc. ("FCCMI") and Boulder Oaks Community Associations' ("BOCA") Motion for Attorney Fees (#73), filed April 23, 2012. The Court also considered Plaintiff Peggy Carrillo's Response (#76), filed April 30, 2012, and Defendants' Reply (#77), filed May 3, 2012.

## BACKGROUND

This action involves a trip and fall accident that took place on May 13, 2010 at or near Boulder Oaks RV Resort. On February 28, 2012, Defendants FCCMI and BOCA filed a Motion to Compel Written Answers to Interrogatories and Request to Produce (#25). On April 10, 2012, the Court held a hearing on the Motion to Compel in which it considered arguments from counsel for all of the parties. The Court granted the Motion to Compel in part and denied in part. In doing so, the Court ordered Plaintiff to correct its responses to the following within ten days: FCCMI's Interrogatories Numbers 3, 4, 6, and 7, BOCA's Interrogatories Numbers 4(J), 5, 6, 17, 22, and 23, and BOCA's Production of Documents Numbers 1, 7, 11, 14, 15, 16, and 17. *See* Minutes of Proceedings #64. Additionally, the Court ordered Defendants to submit an Application for Costs and Fees associated with making the Motion to Compel within fourteen days. Per the Court's order, Defendants filed an Application for Attorney Fees on April 23, 2012. Defendants request $3,952 in fees based on an hourly rate of $160 and 24.7 hours of work. *See* #73, 4. In response,

Plaintiff asserts that an award of fees is unwarranted because the failure to respond was substantially justified and an award of fees would be unjust.

## DISCUSSION

### A.  Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii).  The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified.  *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4).  Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiff argues that attorney fees should not be awarded in this case for a couple of reasons.  First, Plaintiff alleges that she substantially complied with the discovery requests by providing responsive information, even though the answers were found technically deficient.  Second, Plaintiff contends that deposition testimony negated the need to respond completely to the interrogatory requests.  The Court is not persuaded by these arguments.  The fact that the information was revealed in depositions conducted subsequent to the discovery requests does not negate Plaintiff's duty to fully respond to written discovery requests.  Additionally, Plaintiff argues that an award of fees would be unjust because the Court has already granted relief by allowing Defendants to make untimely expert disclosures and extended the discovery period.  Plaintiff contends that any monetary award would amount to an unduly severe sanction.  The Court does not find this argument convincing.  The extension of time for discovery was necessary because Plaintiff

failed to timely produce the materials at issue in the Motion to Compel. Accordingly, Plaintiff has not met her burden to demonstrate that her conduct was substantially justified or an award of fees would be unjust. Therefore, the Court finds that Defendants are entitled to attorney fees pursuant to Rule 37(a)(5)(A).

## B.  Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1.  Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  The relevant community consists of the forum in which the case is pending.  *Camacho*, 523 F.3d at 978.  The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case.  *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Additionally, the court must consider the market rate in effect within two years of the work performed.  *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).  The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*  Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases.  *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).  Defendants seek fees based on an hourly rate of $160.  Plaintiffs raised no objection to this rate and the Court finds that it is reasonable for this forum.

## 2.      Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted).  "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(c).

Defendants request reimbursement for $3,952 based on a $160 hourly rate and 24.7 hours. Plaintiff argues that the Court should not award fees for the entire amount requested because it includes time spent preparing portions of the Motion to Compel that were not granted.  Because 17

of the 21 requests were granted, which equals a success rate of 80.95%, the Court finds it reasonable to award Defendants' 80.95% of the fees requested.  Accordingly, the Court grants Defendants an award of $3,199.24 in attorney fees.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants First Columbia Community Management, Inc. and Boulder Oaks Community Associations' Motion for Attorney Fees (#73) is **granted**. Plaintiff shall pay Defendants the total sum of **$3,199.24** by **November 14, 2012**.

DATED this 15th day of October, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**