**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No.: 10761
**DAVE M. BROWN, ESQ.**
Nevada Bar No.: 12186
**MORAN LAW FIRM, LLC**
630 S. Fourth Street
Las Vegas, Nevada 89101
(702) 384-8424
(702) 384-6568 - *facsimile*
l.brandon@moranlawfirm.com
Attorneys for Defendants,
JJS DEVELOPMENT, LLC d/b/a
JAN PRO CLEANING SYSTEMS OF LAS VEGAS
and JAN PRO FRANCHISING INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CARRILLO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>B & J ANDREWS ENTERPRISES, LLC d/b/a BOULDER OAKS RV RESORT, a Nevada limited liability company; FIRST COLUMBIA COMMUNITY MANAGEMENT, INC., a Nevada corporation; BOULDER OAKS COMMUNITY ASSOCIATION, Nevada non-profit corporation; JJS DEVELOPMENT, LLC d/b/a JAN PRO CLEANING SYSTEMS OF LAS VEGAS, a Nevada limited liability company; JAN-PRO FRANCHISING INTERNATIONAL, INC., a Georgia corporation; DOES I-X; and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　Defendants.<br><br>And all related matters. | Case No.: 2:11-cv-01450-MMD-CWH<br><br><br><br><br><br><br>**DEFENDANT, JAN PRO FRANCHISING INTERNATIONAL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56** |

1

COMES NOW, Defendant, JAN PRO FRANCHISING INTERNATIONAL, INC. by and through its undersigned attorney of record, LEW BRANDON, JR., ESQ., of the MORAN LAW FIRM, LLC, and hereby submits the following Reply to Plaintiff's Opposition to Motion for Summary Judgment.

This Reply is made and based upon the Points and Authorities submitted herewith, together with the papers and pleadings on file herein, and oral arguments at the time of Hearing.

DATED this 4th day of January, 2013.

**MORAN LAW FIRM, LLC.**

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
630 S. Fourth Street
Las Vegas, Nevada 89101
Attorney for Defendants,
JJS DEVELOPMENT, LLC d/b/a
JAN PRO CLEANING SYSTEMS OF LAS VEGAS
and JAN PRO FRANCHISING INTERNATIONAL, INC.

## POINTS AND AUTHORITIES

### I.
### FACTS

As this Court is aware, this matter arises from an alleged incident involving Peggy Carrillo (hereinafter "Plaintiff"), occurring on or around May 13, 2010. As a result of this incident, Plaintiff filed the instant lawsuit claiming negligence against the cleaning company who performed cleaning services of the subject bathroom, JJS Development, LLC d/b/a Jan-Pro Cleaning Systems of Las Vegas (hereinafter "Franchisee"), and its

2

parent company, Jan Pro Franchising International, Inc. (hereinafter as "Defendant" and/or "Franchisor"). As Plaintiff has no viable claim against the parent company, Jan Pro Franchising International, Inc., Defendant filed the instant Motion for Summary Judgment on the basis that Plaintiff could not "piece the corporate veil."

Plaintiff has opposed Defendant's Motion arguing that because an agency relationship exists between JJS Development, LLC d/b/a Jan-Pro Cleaning Systems of Las Vegas, and its parent company, Jan Pro Franchising International, Inc., there is an issue of genuine issue of material fact and Defendant's Motion should be denied. *See Plaintiff's Opposition on file herein*.

Defendant, JAN PRO FRANCHISING INTERNATIONAL, INC. now moves this Court for Summary Judgment.

## II.
## **STANDARD FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tate v. Lau, 865 F.Supp. 681, 685 (D. Nev. 1994) (citing Fed. R. Civ. P. 56(c)). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Id.* at 686.[1] In a diversity case, substantive summary judgment issues are determined by state law. *See*

---

[1] *See also* Admiralty Fund v. Jones, 677 F.2d 1289, 1293 (9th Cir. 1992); Posadas v. City of Reno, 109 Nev. 448, 851 P.2d 438 (1993).



630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

Kusmirek v. MGM Grand Hotel, Inc., 73 F. Supp. 2d 1222, 1224 (D. Nev. 1999) (citing Bank of California v. Opie, 663 F.2d 977, 980 (9th Cir. 1981)).[2,3]

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).[4] The moving party meets this burden by showing an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once said initial burden is met, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); *see also* Celotex Corp., 477 U.S. 317 (holding the non-moving party must set forth "specific facts showing that there is a genuine issue for trial"). "[A] complete failure of proof concerning [any one] essential element of a non-moving party's case, necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23.[5] The non-moving party, or the party opposing summary judgment, must come forth with evidence in the form of affidavits, depositions, etcetera, which set forth

---

[2] The Nevada Supreme Court has adopted the standard for summary judgment as set forth in the United States Supreme Court's decisions in Anderson v. Liberty Lobby, Inc. and Matsushita Electric Co v. Zenith Radio, which limits the nonmoving party from artificially creating a genuine issue of material fact in order to avoid summary judgment. *See* Wood v. Safeway, Inc., 121 Nev. 724, 730-731 (2005) (citing Anderson v. Liberty Lobby, Inc. 477, U.S. 242 (1986); Matsushita Electric Co v. Zenith Radio, 475 U.S. 574 (1986)). In Wood, the Nevada Supreme Court held that defendants may not "create" a genuine issue of material fact simply by making general allegations and conclusory statements. Id. Rather, **"[t]he nonmoving party must, by affidavit or otherwise, set forth facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him. The nonmoving party is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture."** Id. at 732.

[3] The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. Northwest Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).

[4] *See also* Metro Indus., Inc. v. Sammi Corp., 82 F.3d 839, 847 (9th Cir. 1996); Butler v. Bogdanovich, 101 Nev. 449, 705 P.2d 662 (1985); Intermountain Veterinary Medical Ass'n v. Kiesling-Hess Finishing Co., 101 Nev. 107, 706 P.2d 137 (1985); Main v. Stewart, 109 Nev. 721, 857 P.2d 755 (1993).

[5] Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Raymond v. Albertson's Inc., 38 F. Supp. 2d 866, 868 (D. Nev. 1999) (citing Celotex, 477 U.S. at 322).

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

specific facts; the opposing party cannot rest on mere pleadings.  <u>Aldabe v. Adams</u>, 81 Nev. 280, 402 P.2d 34 (1965).[6]  Only evidence that might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment.  <u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1181 (9th Cir. 1988).  Conclusory or speculative testimony, as well as uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact, necessary to preclude summary judgment.  <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).[7]

### III.
### <u>LEGAL ARGUMENT</u>

Plaintiff's Complaint alleges no genuine issue of material fact with regards to Jan Pro Franchising International, Inc. and therefore, summary judgment is appropriate.  The only way Jan Pro Franchising International, Inc. may be held liable to Plaintiff is if Plaintiff were to pierce the corporate veil by use of the alter-ego doctrine.  Plaintiff's Opposition does not address one single argument made in Defendant's underlying Motion and as such, there is no basis for piercing the corporate veil in this matter.  Therefore, Defendant, Jan Pro Franchising International, Inc.'s Motion for Summary Judgment should be granted.

   A.   **<u>PLAINTIFF WRONGFULLY ARGUES THAT BECAUSE THERE IS AN AGENCY RELATIONSHIP BETWEEN JAN PRO FRANCHISING INTERNATIONAL, INC. AND JJS DEVELOPMENT d/b/a JAN PRO CLEANING SYSTEMS OF LAS VEGAS THAT SUMMARY JUDGMENT IS IMPROPER</u>**

---

[6] *See also* <u>Ferriera v. P.C.H. Inc.</u>, 105 Nev. 305, 774 P.2d 1041 (1989).
[7] *See also* <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1378 (9th Cir. 1998); <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio</u>, 475 U.S. 574, (1986); <u>Anheuser-Busch, Inc. v. Natural Beverage Distribs.</u>, 69 F.3d 337, 345 (9th Cir. 1995); <u>Hahn v. Sargent</u>, 523 F.2d 461, 467 (9th Cir. 1975).

Plaintiff's entire Opposition is one, long tangential argument that because Jan Pro Franchising International, Inc. imposed some control and operational guidelines upon the franchisee, JJS Development, LLC d/b/a Jan Pro Cleaning Systems of Las Vegas, that an agency relationship exists through which it may be held liable for the negligent conduct of the franchisee.  However, Plaintiff's entire Opposition neglects the fact that Franchisee is a Limited Liability Company (hereinafter "LLC"), and thus afforded different legal protections than just a simple agency relationship, as Plaintiff suggests. *Bonanza Hotel Gift Shop v. Bonanza No. 2*, 95 Nev. 463 (Nev. 1979).

In her Opposition, Plaintiff goes to extreme length to analyze and dissect the Franchisee/Franchisor agreements and operational requirements in order to show that Franchisor "exerted substantial control over" the Franchisee, and therefore an agency relationship existed at the time of Plaintiff's incident. *See Plaintiff's Opposition on file herein.* For support, Plaintiff cites inapplicable and distinguishable case law, all from California.  In particular, Plaintiff's main support comes from *Kutcha v. Allied Builders Corp.,* 21 Cal.App.3d 541, 98 Cal.Reptr. 588 (Ct. App. 1971), which involves an agency relationship where plaintiff's main cause of action was for fraud and the defendant was an individual, not a LLC.  However, all of the case law cited by Plaintiff for support has no authority over Nevada proceedings, and the cited case law was premised on a cause of action distinguishable from the facts at bar.  As such, Plaintiff's Opposition that an agency relationship existed is nothing more than a smoke screen and a red herring to divert the Court's attention away from the fact that Franchisee was a LLC.

**B.      PLAINTIFF'S OPPOSITION PRESENTS ZERO EVIDENCE NEEDED TO PIERCE THE CORPORATE VEIL, AS REQUIRED BY NEVADA LAW**

Regardless of the evidence that Plaintiff presents to show that Defendant required strict operational guidelines of Franchisee, Plaintiff presents zero evidence to show that



Franchisee violated any of the requisites of the alter-ego doctrine, which is the only way to pierce the corporate veil and hold Defendant liable for the Franchisee's actions in Nevada.

In Nevada, a parent corporation is not liable for the wrongs of a wholly owned subsidiary, with the exception of when the "alter-ego doctrine" is used to pierce the corporate veil and impose liability on the parent for the failure of the subsidiary.[8] <u>Bonanza Hotel Gift Shop v. Bonanza No. 2</u>, 95 Nev. 463 (Nev. 1979). The basic requisites for the application of the doctrine of alter ego have been well established:

(1) The corporation must be influenced and governed by the person asserted to be its alter ego;

(2) There must be such unity of interest and ownership that one is inseparable from the other; and

(3) The facts must be such that adherence to the fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice.[9]

<u>Id.</u> at 466.

The corporate veil may only be pierced when the protections provided by the corporate form are being **abused.** <u>LFC Mktg. Group, Inc. v. Loomis</u>, 116 Nev. 896, 903 (Nev. 2000). (Emphasis added). Courts have found this to be the case when factors such as commingling of corporate funds or properties, exclusive control by the parent company, or demonstration of prejudice to creditors are present. <u>Bonanza Hotel Gift</u> Shop, 95 Nev. at 466.

---

[8] *See also*, <u>Lipshie v. Tracy Inv. Co</u>., 93 Nev. 370 (Nev. 1977); <u>City of Fairbanks v. Amoco Chem. Co</u>., 1995 U.S. App. LEXIS 736 (9th Cir. 1995).
[9] As to the threshold element, a disregard of corporate formalities or a serious abuse of the corporate identity can be established by a number of methods including (1) commingling of funds between the alter ego entities, (2) parent's treating of the subsidiary's assets as its own, (3) subsidiary's owning less than an adequate amount of assets to carry on its business, and (4) the presence of interest-free loans taken from the corporation. <u>Seymour v. Hull & Moreland Eng'r</u>, 605 F.2d 1105, 1111 (9th Cir. 1979).



630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

In the facts at bar, Plaintiff goes to exhaustive length to try to persuade this Court that Defendant was exercising extreme control over Franchisee. *See Plaintiff's Opposition on file herein*. However, most of these factors Plaintiff provides regard providing a guarantee of the quality of Franchisee's work, the right to inspect the Franchisee's work, providing a training program to Franchisee, and standards with regards to use of the corporate logo and information. *See Id.* Yet, Plaintiff provides no concrete proof of any of the above three (3) factors that would be sufficient to pierce the corporate veil and hold Defendant liable for Franchisee's actions. JJS Development, LLC d/b/a Jan Pro Cleaning System is a wholly and independently owned franchisee of Jan Pro Franchising International, Inc. and therefore, Defendant cannot be liable without a showing of sufficient evidence by Plaintiff to warrant piercing the corporate veil.

As Plaintiff has presented no evidence to prove that Franchisee is abusing the protections afforded to it by its corporate form, that Franchisee is undercapitalized, that the Franchisee and Franchisor have commingled funds, or that Franchisor has failed to observe corporate formalities, there is no basis for piercing the corporate veil.

## IV.
## CONCLUSION

Plaintiff has erroneously sued JAN PRO FRANCHISING INTERNATIONAL, INC. under the false assumption that JAN PRO FRANCHISING INTERNATIONAL, INC. would have any involvement and/or liability in this matter. Plaintiff's Opposition regarding summary judgment provided exactly zero points rebuttal the need to pierce the corporate veil, as such summary judgment is appropriate.



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1  Based upon the foregoing, Defendant, JAN PRO FRANCHISING
2  INTERNATIONAL, INC. respectfully requests that this Honorable Court grant its Motion
3  for Summary Judgment.

DATED this 4th day of January, 2013.

**MORAN LAW FIRM, LLC.**

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
630 S. Fourth Street
Las Vegas, Nevada 89101
Attorney for Defendants,
JJS DEVELOPMENT, LLC d/b/a
JAN PRO CLEANING SYSTEMS OF LAS VEGAS
and JAN PRO FRANCHISING INTERNATIONAL, INC.



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

9

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on January 4, 2013, I served a true and correct copy of the foregoing **DEFENDANT, JAN PRO FRANCHISING INTERNATIONAL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56** through the Court's ECF electronic filing system:

| | |
|---|---|
| **LESLIE MARK STOVALL, ESQ.** | **JANE EBERHARDY, ESQ.** |
| Nevada Bar No. 2566 | Nevada Bar No. 4254 |
| Stovall & Associates | The Marks Law Group, LLC |
| 3216 W. Charleston Blvd., Suite B | 1120 Town Center Drive, Suite 200 |
| Las Vegas, Nevada 89102 | Las Vegas, Nevada 89144 |
| Attorney for Plaintiff, | Attorney for Defendant, |
| PEGGY CARRILLO | BOULDER OAKS COMMUNITY ASSOCIATION and FIRST COLUMBIA COMMUNITY MANAGEMENT, INC. |

　　　　　　　　　　/s/ Darcy Flores-Laguna
　　　　　　　　An Employee of Moran Law Firm, LLC



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568