# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CARRILLO, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01450-MMD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| B&J ANDREWS ENTERPRISES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' Motion to Compel Compliance with Rule 45 Subpoenas (#69), filed April 18, 2012; and Plaintiff's Response (#81) and Countermotion to Quash (#82), filed May 8, 2012.

## BACKGROUND

This case was originally filed in Clark County District Court on May 27, 2011. It was removed on September 8, 2011. It is a premises liability case arising out of a slip and fall allegedly caused by Defendants' negligence. The event giving rise to Plaintiff's claims occurred on May 13, 2010, when Plaintiff allegedly tripped over the upturned corner of a rubber mat located in a communal bathroom at the Boulder Oaks RV Resort. Plaintiff is seeking damages on claims of negligence and gross negligence.

By way of this motion, Defendants seek an order compelling production of documents from several different entities and individuals pursuant to Fed. R. Civ. P. 45. The Rule 45 subpoenas were served in early March 2012. Defendants assert that the following entities did not respond or file timely objections: Kaiser Permanente; Kaiser Foundation Health Plan, Inc.; Sears Roebuck & Company; Metropolitan Life Insurance Company; Michael Edward Roy, P.A.; and the United States Treasury. Consequently, Defendants request that the Court compel compliance and hold each in contempt pursuant to Rule 45(e). Defendants acknowledge that Plaintiff's retained medical

experts, Dr. Douglas Seip and Dr. Chad Hanson, produced documents in response to the Rule 45 subpoenas, but seek an order compelling further disclosure of their "expert files."

Defendants also seek an order compelling the Social Security Administration and the Center for Medicare and Medicaid Services to comply with Rule 45 subpoenas. Both entities objected to the subpoenas on the ground that the subpoena is not an order of the court. Defendants assert that the agencies are authorized to release the requested records pursuant to a court order and, therefore, request an order compelling compliance. The Social Security Administration requests that the subpoena directed toward it be quashed because it cannot disclose records pertaining to an individual without that individual's consent. Medicare and Medicaid Services objected on similar grounds.

## **DISCUSSION**

Federal Rule of Civil Procedure 45 provides that a subpoena commanding production of documents may either be issued separately or in conjunction with a subpoena to attend a deposition. Fed. R. Civ. P. 45(a)(1)(C). If a Rule 45 subpoena for production or inspection is issued separately from a subpoena commanding a person's attendance, it must be issued "from the court for the district where production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). A Rule 45 subpoena must be served on the person or entity to whom it is issued. Fed. R. Civ. P. 45(b)(1). "If the subpoena commands the production of documents, electronically stored information, or tangible things the inspection of premises before trial, then before it is served, a notice must be served on each party." The unexcused failure to obey a Rule 45 subpoena may result in a finding of contempt. Fed. R. Civ. P. 45(e).

Defendants' motion (#69) suffers from several critical defects. First, Rule 45(b)(1) requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things, or inspection of premises before trial, then before it is served, a notice must be served on each party." *See* Fed. R. Civ. P. 45(b)(1); *see also* Adv. Committee Notes to 2007 Amendment ("Courts . . . have tended to converge on an interpretation that requires notice to the parties before the subpoena is served on the person commanded to produce or permit inspection. That interpretation is adopted in amended Rule 45(b)(1) to give clear notice of the general present

practice."); Adv. Committee Noted to 1991 Amendments ("The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things . . . . [O]ther parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced."); *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 667 (D. Kan. 1998) (interpreting Rule 45(b)(1) to require notice prior to service of a subpoena duces tecum); *Murphy v. Bd. of Educ. of the Rochester City Sch. Dist.*, 196 F.R.D. 220, 225 (W.D.N.Y. 2000) (all subpoenas at issue sought documents only, and the court found that the commanding party's issuance of subpoenas without notice to opposing counsel violated Rule 45(b)(1) notice requirement); *Schweizer v. Mulvehill*, 93 F. Supp.2d 376, 411 (S.D.N.Y. 2000) (same).

Here, the subpoenas seeks production of documents independent of a deposition and, therefore, each is subject to Rule 45(b)(1)'s notice requirement. Unfortunately, there is nothing in the record to support the conclusion that Plaintiff was given the required notice prior to service of the subject subpoenas. The Court rejects any argument that would equate the previously approved stipulated protective order (#37) with notice under Rule 45(b)(1). The protective order addresses the broad parameters of information that might be sought through the use of Rule 45 subpoenas. It does not address the specifics of each individual subpoena. The plain language of the rule requires that notice of the subpoena commanding production be given prior to service, not simply general notice that a party may utilize Rule 45 to obtain information. The purpose of this rule is highlighted in this matter as several of the issued subpoenas appear to seek production of records well beyond the scope of the parties' protective order.[1] Due to the failure to provide adequate notice before service of the subpoenas, the Court must strike the subpoenas. *See McCurdy v. Wedgewood Capital Management Co., Inc.*, 1998 WL 964185 (E.D. Pa.) (noting that the remedy for failure to provide adequate notice is generally the striking of the issued subpoenas, but leaving open the possibility of more severe sanctions on a party that abuses or misuses the subpoena

---

[1] For example, the Rule 45 subpoena issued to the Social Security Administration requests the "[c]omplete file of [Plaintiff] Peggy Carrillo." It does not contain any of the limitations as to time or scope set forth in the protective order.

power).

A separate ground for denial of Defendants' motion (#69) is Local Rule 26-7(b), which states: "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." A motion to enforce a Rule 45 subpoena is a discovery motion. As such, prior to consideration, the Court must be satisfied that the moving party made a sincere effort at personal consultation prior to bringing the motion. Defendants' counsel did not provide a statement certifying that he made a sincere effort at personal consultation prior to filing this motion. This failure is particularly troublesome to the Court as at least three (3) of the subpoenaed entities provided written objections to the subpoenas and two (2) of the subpoenaed individuals actually produced responsive materials. There is nothing in the record indicating that even after receiving written objections or allegedly deficient production Defendants' counsel made sincere efforts at personal consultation. The rules require more.[2]

## CONCLUSION

Defendants' motion (#69) fails for the procedural infirmities noted herein. Other than striking the improper Rule 45 subpoenas, the Court declines to consider any of the additional potential sanctions identified in *McCurdy v. Wedgewood Capital Management Co., Inc.*, 1998 WL 964185 (E.D. Pa.).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Compliance with Rule 45 Subpoenas (#69) is **denied**.

**IT IS FURTHER ORDERED** that the Social Security Administration's Countermotion to Quash (#82) is **denied as moot**.

---

[2] The Court also notes that even after receiving written objections and allegedly deficient responses, there is nothing indicating that Defendants gave "notice" to the responding entities of their intent to file a motion to compel. *See* Fed. R. Civ. P. 45(c)(2)(B)(i) ("If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection."). This is an additional ground upon which denial of Defendants' motion (#69) is appropriate.

**IT IS FURTHER ORDERED** that the Rule 45 subpoenas attached to Defendants' motion (#69) are **stricken**.

DATED this 24th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**