# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PEGGY CARRILLO,                )
        Plaintiff,          )   Case No. 2:11-cv-01450-RCJ-CWH
                            )
vs.                            )   **ORDER**
                               )
B&J ANDREWS ENTERPRISES, LLC, *et al.*, )
        Defendants.         )

      This matter is before the Court on Defendants' Motion to Strike (#39), filed March 14, 2012; Plaintiff's Response (#53), filed April 3, 2012; and Defendants' Reply (#67), filed April 13, 2012. The Court also considers Defendants' Motion to Strike (#40), filed March 14, 2012; Plaintiff's Response (#54), filed April 3, 2012; Defendants' Reply (#66), filed April 13, 2012; Defendants' Motion to Preclude Testimony (#46), filed March 20, 2012; Plaintiff's Response (#62), filed April 9, 2012; Defendants' Reply (#71), filed April 19, 2012; Defendants' Motion to Preclude Testimony (#48), filed March 20, 2012; Plaintiff's Response (#60), filed April 9, 2012; and Defendants' Reply (#70), filed April 19, 2012.

## BACKGROUND

**1. Procedural History**

      This is a premises liability case arising out of a slip and fall allegedly caused by Defendants negligence. It is alleged that, on May 13, 2010, Plaintiff tripped over the upturned corner of a rubber mat located in a communal bathroom at the Boulder Oaks RV Resort. Shortly after the case was removed, the parties submitted a proposed scheduling plan. (#13). The proposed plan was denied and a 180-day discovery period approved as measured from November 1, 2011. *See* Mins. of Proceedings (#18). As ordered, the parties filed a scheduling order and discovery plan consistent

with the Court's ruling. (#21).[1] On February 22, 2012, Defendants filed a motion to modify the scheduling order requesting to extend the expert disclosure and associated dates by sixty (60) days. (#23). Plaintiff opposed the request arguing that (1) the request was untimely and (2) it was unnecessary to extend the expert disclosure deadline based on Defendants lack of diligence in conducting discovery. The Court conducted a hearing on May 5, 2012, wherein Defendants' motion (#23) was denied, except that the time to designate rebuttal experts was extended to April 16, 2012. *See* Mins. of Proceedings (#34).

Shortly after the hearing, Defendants filed several motions seeking to strike expert testimony based on Plaintiff's failure to comply with the expert disclosure requirements of Federal Rule 26(a)(2)(B) and Federal Rule 26(a)(2)(C). After the motions were fully brief, the parties filed a stipulation to extend certain discovery deadlines and requested that the Court consider the stipulation on an emergency basis. *See* Stip. (#74). The parties agreed on extensions of several deadlines, but disagreed regarding an extension of the deadline for Defendants to designate their experts. The stipulation was approved resulting in several discovery deadlines being extended. *See* Order (#75). Notably, the deadline for Plaintiff to disclose her initial experts was not extended as it had previously expired on March 1, 2012. Thereafter, on August 31, 2012, the parties filed a Joint Status Report (#99) indicating that the motions related to Plaintiff's expert disclosures were pending and that the parties anticipated the motions would be set for hearing prior to trial. Discovery closed on October 30, 2012.[2]

**2. Defendants' Motion to Preclude All Testimony from Douglas Seip (#39) and Motion to Preclude All Testimony from Chad Hansen (#40)**

Defendants' motions (#39) and (#40) are substantially similar. Citing Rule 37(c), Defendants seek an order precluding the testimony of Plaintiff's proposed experts Douglas Seip

---

[1] Based on the plan, the discovery cutoff date was set for April 30, 2012, the expert disclosure deadline set for March 1, 2012, and rebuttal expert disclosures due by March 30, 2012.

[2] Defendant Boulder Oaks Community Association and Defendant First Columbia Community Management, Inc. filed their motion for summary judgment (#108) on November 29, 2012. Defendant Jan-Pro Franchising International, Inc. filed its motion for summary judgment (#109) on November 30, 2012.

and Chad Hansen for failure to make the required disclosures under Rule 26(a)(2)(B). Defendants further argue that supplementation is not appropriate under Rule 26(e). Defendants attached Plaintiff's disclosures made in connection with proposed expert Douglas Seip, which consists solely of Plaintiff's treatment records. *See* Ex. A attached to Defs' Mot. (#39). Defendants also attached the disclosures made in connection with proposed expert Chad Hansen, which include Plaintiff's treatment records, a curriculum vitae, and an expert fee schedule. *See* Ex. A to Defs' Mot. (#40). The disclosure as to Hansen indicates that it includes a "list of cases," but nothing fitting that description was included.

In response, Plaintiff contends that the treatment records included in the disclosure related to Douglas Seip satisfy the disclosure requirements of Rule 26(a)(2)(B) because the records "provide clear notice to the defendants of the opinions that Dr. Seip intends to offer at time of trial." *See* Pl.'s Resp. (#53) at 3:15-16. Alternatively, Plaintiff argues that Seip has a dual role in the case as both a treating provider and retained expert and, therefore, an expert report is not required under Rule 26(a)(2)(B). Finally, Plaintiff argues that the requested sanction, if considered, would be disproportionately severe because the failure to disclose, if any, was harmless because Defendants may still depose Seip and the medical reports adequately put Defendants on notice of Seip's expected testimony.[3] Nevertheless, Plaintiff provided a supplemental Rule 26(a)(2)(B) disclosure, which included Seip's curriculum vitae, general expert fee schedule, and what appear to be names of patients for which he has previously testified. *See* Pl.'s Supplemental Disclosure (#56).

Plaintiff makes virtually identical arguments in response to the motion to preclude the testimony of Chad Hansen. *See* Pl.'s Resp. (#54). Plaintiff asserts Hansen is both a treating provider and retained expert and, therefore, the expert disclosure requirements of Rule 26(a)(2)(B) do not apply. Plaintiff contends that the treatment records are sufficient to put Defendants on notice of Hansen's opinions and the testimony he intends to offer at trial. Plaintiff reiterates the argument that the requested sanction, if considered, would be disproportionately severe because the

---

[3] The response indicates that Seip was scheduled to be deposed on April 20, 2012.

failure to disclose, if any, was harmless because Defendants may still depose Hansen and the medical reports adequately place Defendants on notice of Hansen's expected testimony.[4] Plaintiff acknowledged that the list of cases in which Hansen has previously testified was inadvertently omitted from the initial expert disclosure, but would be supplemented.[5]

Defendants' replies are, for the most part, identical regarding proposed experts Seip and Hansen. Defendants argue that the disclosed treatment records are insufficient to meet the written report requirements of Rule 26(a)(2)(B). Defendants further argue that Plaintiff's attempts to categorize the proposed experts as both treating and retained does not relieve Plaintiff of the obligation to provide a written report under Rule 26(a)(2)(B). Even assuming disclosure was not required under Rule 26(a)(2)(B), Defendants contend that Plaintiff failed to disclose the limited information required under Rule 26(a)(2)(C) for non-retained experts. Finally, Defendants argue that any untimely supplements should be rejected as improper attempts to extend the expert disclosure deadline.

**3. Defendants' Motion to Preclude All Testimony from Plaintiff's Non Retained Experts: John Kingma, Xin Nick Lui, Shiranee Jayasooriya, Daniel Berqvist, Douglas Seip, and Alain Coppel (#46)**

By way of this motion, Defendants seek an order precluding the expert testimony of the identified individuals for failure to comply with the disclosure requirements of Rule 26(a)(2)(C). Alternatively, Defendants request that any testimony be specifically limited to the treatment rendered. According to Defendants, this limitation would preclude any of the identified individuals from rendering opinion testimony as to causation, Plaintiff's future medical care and expenses, and the reasonableness of the medical expenses incurred.

In response, Plaintiff restates the same arguments raised in response to motions (#39) and

---

[4] The response indicates that Hansen was scheduled to be deposed on April 17, 2012. Plaintiff also includes a list of cases wherein Hansen has previously testified as an expert as Ex. 4 to her response.

[5] Plaintiff filed her supplement on April 13, 2012. *See* (#68). The supplement indicates that Hanson has only testified once during a deposition in the last four years, and appears to include the name of the patient upon whose behalf he testified.

(#40). Specifically, Plaintiff claims that the medical records and treatment reports of the identified individuals are sufficient to satisfy whatever expert disclosure requirements Plaintiff may have because (1) the records provide clear notice of the proposed experts opinions and testimony that may be offered at trial and (2) Rule 26(a)(2)(B) does not apply to treating physicians. Plaintiff did attach a copy of her third supplement to her Rule 26 initial disclosures, served on April 6, 2012, which, for the first time, includes short paragraphs regarding the potential testimony of each non-retained treating physician. Defendants argue that the April 6, 2012, supplement is (1) untimely and (2) impermissibly expands the potential scope of the proposed experts testimony while simultaneously providing insufficient information to satisfy the requirement of Rule 26(a)(2)(C).

**4. Defendants' Motion to Preclude All Testimony from Andrew Cash (#48)**

Finally, Defendants request that the Court preclude all testimony from Andrew Cash due to Plaintiff's failure to identify him as a witness, of any kind, in her Rule 26(a) initial disclosures. Plaintiff does not dispute the failure to disclose Cash in her Rule 26(a) disclosures, but argues that Defendants have had Cash's treatment records since before discovery commenced in this case. Therefore, Plaintiff asserts that Defendants have sufficient notice of the opinions Cash intends to offer at trial. Plaintiff further argues that the disclosure of Cash as a non-retained expert in her recent April 6, 2012, supplement, when combined with the previously produced medical records, cures any failure to initially disclose Cash.

## DISCUSSION

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The Federal Rules contemplate two different classes of experts: those retained or specially employed to give expert testimony in a case, and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony. *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing *Piper v Harnischfeger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997)). For experts "retained or specially employed to provide expert testimony" the disclosure requirements are as follows:

(i) a complete statement of all opinions the witness will express and the basis and reasons

        for them;

        (ii) the facts considered by the witness in forming them;

        (iii) any exhibits that will be used to summarize or support them;

        (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

        (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

        (vi) a statement of the compensation to be paid for the study and testimony in the case.

*See* Fed R. Civ. P. 26(a)(2)(B).

    Expert reports eliminate unfair surprise and conserve resources. *Elgas*, 179 F.R.D. at 299 (citation omitted). The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [] avoided, and costs are reduced." *Id*. As the Advisory Committee Notes state: "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order." *See* Adv. Comm. Notes to 1993 Amendments.

    The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered. To resolve this tension, the Federal Rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report. Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify." *See* Fed. R. Civ. P. 26(a)(2)(C). These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." *See* Adv. Comm. Notes to 2010 Amendments. The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts

"must take care against requiring undue detail." *Id*. Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C).

**1. Defendants' Motions (#39) and (#40)**

Defendants request an order precluding the testimony of Plaintiff's proposed experts Douglas Seip and Chad Hansen based on Plaintiff's failure to disclose the required information under both Rule 26(a)(2)(B) and 26(a)(2)(C). Plaintiff's primary argument is that both Seip and Hansen are treating providers and, therefore, the expert disclosure requirements of Rule 26(a)(2)(B) do not apply. Plaintiff further argues that Seip and Hansen's treatment records are sufficient to put Defendants on notice of the opinions and testimony each intends to offer at trial. Finally, Plaintiff argues that preclusion of testimony would be would be a disproportionately severe sanction because the failure to disclose, if any, was harmless.

Plaintiff appears to concede that her expert disclosures do not comply with Rule 26(a)(2)(B). To the extent there is any question, the Court finds that neither the initial expert reports nor supplemental information provided by Plaintiff for proposed experts Seip and Hanson comply with Rule 26(a)(2)(B). Plaintiff seeks to cure this failure by arguing that, in addition to being retained experts, both Seip and Hansen are treating physicians and, therefore, do not have to make disclosures under Rule 26(a)(2)(B). In *Goodman v. Staples*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when a treating physician must prepare a Rule 26(a)(2)(B) report. *Goodman* confirms that a treating physician is not required to make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the course of treatment and limited to the scope of treatment rendered. *Goodman*, 644 F.3d at 826. Based on the record before it, the undersigned finds that the evidence supports the conclusion that both Seip and Hansen are treating physicians and, therefore, not required to submit Rule 26(a)(2)(B) reports.

This does not end the Court's inquiry as Rule 26(a)(2) was recently amended to require disclosure of opinions held by experts not required to provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Specifically, when identifying experts who are not retained or specially employed,

such as treating physicians, a party must state the "subject matter" on which the witness is expected to testify and "a summary of the facts and opinions" to which the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C). It is Defendants' position that even if Seip and Hansen are not required to submit experts reports under Rule 26(a)(2)(B), the expert witness disclosures nonetheless fail to comply with Rule 26(a)(2)(C). Plaintiff counters that the prior disclosure of treatment records is sufficient to satisfy any disclosure requirements, including those under Rule 26(a)(2)(C).

Plaintiff's position is not novel and has been rejected by several courts. *See Schultz v. Ability Ins. Co.*, 2012 WL 5285777 (N.D. Iowa) (reference to medical records, without more, does not satisfy the disclosure requirement of Rule 26(a)(2)(C)); *Smith v. Barrow Neurological Institute*, 2012 WL 4359057 (D. Ariz.) (referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is ground to strike experts); *Lopez v. Keeshan*, 2012 WL 2343415 (D. Neb.) (same); *Ballinger v. Casey's General Store, Inc.*, 2012 WL 1099823 (S.D. Ind.) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to "summary" requirement of Rule 26(a)(2)(C)); *Davis v. GEO Group*, 2012 WL 882405 (D. Colo.) (medical records insufficient under Rule 26(a)(2)(C), but amended disclosure permitted in light of time remaining before trial); *Brown v. Providence Medical Center*, 2011 WL 4498824 (D. Neb.) (disclosure of medical records insufficient as "court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to."); *Kristensen ex rel. Kristensen v. Spotnitz*, 2011 WL 5320686 (W.D. Va.) ("Plaintffs cannot comply with [Rule 26(a)(2)(C)] by disclosing the complete records of treating physicians in issue.").

Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." *Brown v. Providence Medical Center*, 2011 WL 4498824 *1 (D. Neb.). Rule 26(a)(2)(C) requires the timely disclosure of a "summary of the facts and opinions" to which a proposed witness will testify. As noted in *Kristensen ex rel. Kristensen*, whatever its precise meaning, "a 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium . . . . [i]t follows that Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue." *Kristensen ex rel. Kristensen,*

8

2011 WL 5320686 *2 (W.D. Va.). The foregoing cases are persuasive and the undersigned agrees that the production or disclosure of medical records, standing alone, is not sufficient to satisfy the requirements of Rule 26(a)(2)(C). While medical records undoubtedly touch on the subject matter of a treating physician's testimony, they do not necessarily provide an accurate or complete summary of expected testimony since medical records are not typically created in anticipation that those records would be used as a witness disclosure. Here, in a manner inconsistent with Rule 26(a)(2)(C), Plaintiff's counsel has simply dumped medical records onto Defendants' counsel. The court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to. *Brown v. Providence Medical Center*, 2011 WL 4498824 (D. Neb.). Consequently, Plaintiff has failed to comply with the disclosure requirements of Rule 26(a)(2)(C).

Once it is determined, as here, that a party has failed to provide information required by Rule 26(a) or 26(e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). Generally, the exclusion penalty is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence).

The party facing sanction has the burden of showing that any failure to disclose is substantially justified or harmless. *See Yeti*, 259 F.3d at 1107. The factors that may properly guide a court in determining whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL

3212129 at *2 (S.D. Cal. 2010) (finding failure to disclose certain documents and witness not harmless where opposing party was unable to prepare its defense in time for trial).

Although not substantially justified, the Court finds that, under the specific circumstances of this case, the failure to properly disclose under Rule 26(a)(2)(C) is harmless. Both Seip and Hansen were listed as witnesses in Plaintiff's initial disclosures. The treatment records were not voluminous and Defendants had sufficient time to review the records and conduct other discovery. Thus, any harm stemming from the failure to comply with Rule 26(a)(2)(C) is sufficiently mitigated and prejudice avoided. Nevertheless, Plaintiff should not obtain a strategic litigation advantage because of her own failure. Therefore, Defendants' motion is granted to the extent it seeks to limit Seip and Hansen's testimony to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of treatment. *See e.g.*, *Schultz v. Ability Ins. Co.*, 2012 WL 5285777 (N.D. Iowa) (permitting testimony regarding treatment despite failure to comply with Rule 26(a)(2)(C)); *In re Denture Cream Products Liability Litigation*, 2012 WL 5199597 (S.D. Fla.) (permitting testimony despite failure to comply with Rule 26(a)(2) because discovery was still open and depositions could cure any prejudice); *Lopez v. Keeshan*, 2012 WL 2343415 (D. Neb.) (permitting testimony despite failure to comply with Rule 26(a)(2)(C) because "the risk of any harm is substantially limited by the fact that the expert opinions Plaintiff may garner from treating physicians are those revealed within their medical records"); *Ballinger v. Casey's General Store, Inc.*, 2012 WL 1099823 (S.D. Ind.) (permitting testimony because disclosure of medical records made prejudice and surprise minimal, provided a general idea of testimony, and prejudice cured by limiting testimony to disclosed records).

**2. Defendants' Motion to Preclude All Testimony from Plaintiff's Non Retained Experts: John Kingma, Xin Nick Lui, Shiranee Jayasooriya, Daniel Berqvist, Douglas Seip, and Alain Coppel (#46)**

Defendants seek an order precluding the expert testimony of the individuals identified in motion (#46) based on Plaintiff's failure to comply with the disclosure requirements of Rule 26(a)(2)(C). Alternatively, Defendants requests that any testimony be specifically limited to the treatment provided, including preclusion from rendering opinion testimony as to causation, future

10

medical care, the reasonableness of the medical expenses incurred, and the expenses for future medical treatment. Plaintiff's arguments are virtually identical to those raised in response to motions (#39) and (#40). Specifically, the treatment records of the identified individuals are sufficient to satisfy whatever expert disclosure requirements Plaintiff may have. Plaintiff also asserts that the supplement attached to his response cures any failure of strict compliance with Rule 26(a)(2)(C). *See* Ex. 7 attached to Pl.'s Resp. (#62).

As has already been examined, the production of medical records is not sufficient to satisfy the disclosure requirements of Rule 26(a)(2)(C). Nor does the attached supplement cure the initial failure to disclose. Rule 26(e) creates a duty to supplement, not a right. *See Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (holding district court did not abuse its discretion in excluding untimely expert declarations). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Id.* Indeed, supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding second disclosure so substantially different from first that it could not qualify as a correction of an incomplete or inaccurate expert report)). Thus, the Court concludes that Plaintiff has failed to comply with the disclosure requirements of Rule 26(a)(2)(C). Having so concluded, the question becomes what sanction, if any, is appropriate under Rule 37(c).

As previously noted, Plaintiff's failure to comply with the disclosure requirements of Rule 26(a)(2) is not substantially justified. Nevertheless, consistent with the findings regarding Defendants' motions to preclude (#39) and (#40), the undersigned finds that the circumstances in this instance support the conclusion that the failure to properly disclose under Rule 26(a)(2)(C) was harmless. The identified witnesses were all listed in Plaintiff's initial disclosures. The disclosed treatment records were not voluminous. Although not optimal, Defendants had sufficient time to review the records and conduct other discovery. Additionally, though untimely, Plaintiff's supplement (Ex. 7 to Pl.'s Resp. (#62)) was provided before any depositions took place and several months prior to the close of discovery. *See Bookhamer v. Sunbeam Products, Inc.*, 2012 WL

1  6000230 (N.D. Cal.).

2  Nevertheless, Plaintiff's failure should not work to her strategic advantage. Therefore, Defendants' motion is granted to the extent it seeks to limit the testimony of the identified witnesses to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of that treatment. The Court declines to preclude the witnesses from providing opinion testimony as to causation, future medical care, the reasonableness of the medical expenses incurred, and the expenses for future medical treatment. *See Crabbs v. Wal-Mart Stores, Inc.*, 2011 WL 499141 (S.D. Iowa) ("A per se rule excluding certain kinds of opinions in the absence of a report sweeps too broadly. An example will illustrate. If in the course of treatment a physician explains to the patient 'the impact of your head hitting the sidewalk caused a brain injury which is permanent; the best we can do is put you in a therapy program to maximize your functioning,' the Court would be hard pressed to exclude such testimony as opinions about causation, prognosis or future impact of injury beyond the scope of the physician's ordinary treatment."). However, any opinion testimony is necessarily limited to observations or opinions that stem from the individual witnesses own observations or treatment rendered. The witnesses may not testify regarding the need for or reasonableness of any treatment not performed by that witness personally.[6]

**3. Defendants' Motion to Preclude All Testimony from Andrew Cash (#48)**

Finally, Defendants request that the Court preclude all testimony from Andrew Cash due to Plaintiff's failure to identify him as a witness, of any kind, in the Rule 26(a) initial disclosures is denied. Although the failure to properly disclose under Rule 26(a) was not substantially justified, for the same reasons already set forth herein, the failure to disclose, under the circumstances is not so harmful that it necessitates total preclusion. However, as with the other witnesses, any testimony offered by Cash is limited to observations or opinions that stem from his own observations and treatment of the Plaintiff.

---

[6] For example, in the supplemental disclosure, Plaintiff indicates that Douglas Seip will testify regarding "the reasonableness and necessity of the hip surgery performed on May 14, 2010." However, that surgery was not performed by Dr. Seip and, therefore, he cannot testify to its reasonableness or necessity.

**4. Attorney Fees**

Rule 37(c) provides that "[i]n addition to or instead of" precluding or limiting the use of information not provided or witnesses not identified in conformity with Rule 26(a) or (e), "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Plaintiff's failure to comply with the disclosure requirements of Rule 26(a)(2) necessitated the foregoing motions. Consequently, the Court invites Defendants to submit its motion for reasonable expenses, including attorney fees, caused by Plaintiff's failure. Defendants may separately submit a motion to reopen discovery for the limited purpose of deposing any of the witnesses discussed herein that may need to deposed, or re-deposed, as a result of this order. The Court will separately consider whether Plaintiff should bear the costs associated with any further depositions under Rule 37(c)(1).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motions (#39), (#40), (#46), and (#48) are **granted in part and denied in part** as set forth herein.

**IT IS FURTHER ORDERED** that Defendants shall submit their motion for reasonable expenses and attorney's fees by **Friday, February 8, 2013**. Plaintiff's response shall be filed by **Wednesday, February 13, 2013**. Defendants' reply, if any, shall be filled by **Monday, February 18, 2013**.

DATED this 29th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**