UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CARRILLO, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:11-cv-01450-RCJ-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| B&J ANDREWS ENTERPRISES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant JJS Development, LLC's Motion to Strike the Expert Report and Opinions of David Elliott (#113), filed December 14, 2012; Plaintiff's Response (#118), filed January 2, 2013; and Defendant's Reply (#128), filed January 28, 2013.  On December 21, 2012, Defendants Boulder Oaks Community Association and First Columbia Community Management, Inc. filed a joinder to the motion.  *See* (#116).

**BACKGROUND**

The facts and procedural history of this case were recently summarized in the Court's order (#130).  By way of summary, this is a premises liability case arising out of a slip and fall allegedly caused by Defendants negligence.  The singular issue that will be addressed in this order is whether Plaintiff has fully complied with the disclosure obligations of Rule 26(a)(2)(B) and Rule 26(e) as relates to proposed expert David Elliott ("Elliott").  In addressing this issue, the Court considers, among other things, both the timing and substance of disclosures under Rules 26(a)(2)(B) and 26(e).

The original discovery plan and scheduling order set the expert disclosure deadline as March 1, 2012 and the rebuttal expert disclosure deadline for March 30, 2012.  (#21).  The scheduling order was subsequently modified extending the date to designate rebuttal experts to April 16, 2012.  *See* Mins. of Proceedings (#34).  On April 24, 2012, the parties filed a stipulation

to extend certain discovery deadlines, agreeing on extensions of several deadlines but disagreeing regarding the extension of the deadline for Defendants to designate their experts. (#74). After review, the stipulation was approved resulting in several discovery deadlines being extended. *See* Order (#75). Notably, the deadline for Plaintiff to disclose initial experts was not extended as it had previously expired on March 1, 2012. Discovery closed on October 30, 2012.

Just prior to the close of discovery, on October 23, 2012, Plaintiff's proposed Rule 26(a)(2)(B) expert, Elliott, was deposed. During the course of the deposition, Elliott was questioned regarding Plaintiff's Rule 26(a)(2)(B) disclosures. Elliott testified that the curriculum vitae and fee schedule disclosed were approximately two and half years old and inaccurate at the time of disclosure. He further testified that the list of cases in which he had previously testified or been deposed as an expert was approximately two years old at the time of disclosure. As a result, according to Elliott, the list did not include approximately 30-40 relevant cases from the immediately preceding two years before disclosure. Based on these failures, Defendants seek an order striking Elliott's expert report and precluding him from testifying at trial in this matter for failure to provide sufficient information under Rule 26(a)(2)(B).

Plaintiff devotes approximately one page of his twenty-six (26) page response to the disclosure issues raised by Defendants. Plaintiff does not dispute the inaccuracy of the disclosures, but argues that any defect was cured when the expert disclosures were supplemented after the October 23, 2012 deposition. He argues further that Defendant "provides absolutely no authority to support its position that a disclosure which contains a [curriculum vitae] and list of cases that is a couple of years old warrants the exclusion of an expert witness." *See* Pl.'s Resp. (#118) at 23:23-25. Finally, Plaintiff argues that Defendant has not demonstrated any prejudice resulting from the inaccurate disclosures and that the requested sanction is disproportionately severe.

Defendants reply that the disclosures made after the deposition do not cure the initial failures. Defendants claim they were prejudiced by incurring the expense of deposing the expert without the information required to allow them to adequately prepare. Specifically, Defendants claim they were prejudiced by not being able to "review the publications, seminars, lectures, papers, and other significant scholarly work" produced during the time missing from Elliott's

initially disclosed curriculum vitae. Defendants claim further that the missing two years of cases in which Elliott testified or was deposed as an expert prevented the defense from properly analyzing the information prior to the deposition, and prevented the thorough cross-examination of Elliott during his deposition. Ultimately, Defendants assert the prejudice attendant with the failure to disclose was real and substantial.

## DISCUSSION

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). For experts "retained or specifically employed to provide expert testimony" the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*See* Fed R. Civ. P. 26(a)(2)(B). Expert reports eliminate unfair surprise and conserve resources. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev.) (citation omitted). The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [] avoided, and costs are reduced." *Id*.

Parties must make expert disclosures at the times and in the sequence that the Court orders. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)(D)). There is no dispute that the initial Rule 26(a)(2)(B) disclosures for Plaintiff's proposed expert Elliott were, although timely, insufficient. The curriculum vitae listing Elliot's qualifications and publications authored in the last 10 years was missing the immediate two years

prior to disclosure. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv). The statement of compensation was at least two years out of date and contained inaccurate information regarding Elliott's expert compensation and fees. *See* Fed. R. Civ. P. 26(a)(2)(B)(vi). Finally, the "list of all other cases in which during the previous 4 years[] the witness testified as an expert at trial or by deposition" was at least two years old at the time of disclosure, meaning approximately 30-40 cases from the two years immediately preceding disclosure were not included. Each of these failures came to light during Elliott's deposition and were confirmed by Elliott.

A party that has failed to provide information required by Rule 26(a) or 26(e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e) and courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). Generally, the exclusion penalty is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence).

The party facing sanction has the burden of showing that any failure to disclose is substantially justified or harmless. *See Yeti*, 259 F.3d at 1107; *see also Hicks v. Dairyland Ins. Co.*, 2009 WL 2243794 (D. Nev.) ("A literal reading of [Rule 37(c)(1)] compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless."). The factors that may properly guide a court in determining whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or wilfulness involved in not timely disclosing the evidence. *Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129 at *2 (S.D. Cal. 2010) (finding failure to disclose certain

documents and witness not harmless where opposing party was unable to prepare its defense in time for trial).  The exclusion of an expert's testimony for failure to comply with the disclosure requirements is an available sanction even in the absence of a showing of bad faith or wilfulness. *Yeti*, 259 F.3d at 1106.

Having determined there was a violation of the disclosure requirements of Rule 26(a)(2)(B), the Court turns to the question of an appropriate remedy.  Plaintiff appears to argue that sanctions of any kind are unwarranted because the failure is both substantially justified and harmless. Reading into Plaintiff's response, it appears Plaintiff's counsel claims the failure is substantially justified because the first time he learned of the deficiency was at the expert's deposition and he immediately supplemented the information.  The Court rejects this argument.  It is the burden of the disclosing party to provide accurate, timely, and sufficient Rule 26(a)(2)(B) disclosures.  The failure to obtain and disclose a sufficient report does not eliminate but, as is the case here, often leads to unfair surprise.  The failures here are particularly pronounced as, based on the record, the expert testified at trial or was deposed as an expert over 100 times between 1998 and 2009.  *See* Ex. C attached to Def.'s Mot. (#113).  Based on his own prolific experience, the expert knows of the necessity of providing sufficient, accurate disclosures.  Nevertheless, the Rule 26(a)(2)(B) were so out of date that they failed to list the expert's approximately 40 most recent times he testified at trial or was deposed as an expert.  Any surprise claimed by Plaintiff's counsel is disingenuous at best.  Counsel is an experienced trial attorney and is aware of the disclosure requirements.  Indeed, the expert has previously testified on several different occasions on behalf of Plaintiff's counsel's clients.

Plaintiff's claim that the immediate supplemental disclosure cures any defect and renders the inadequate disclosures harmless is without merit.  Rule 26(e) requires that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  *See* Fed. R. Civ. P. 26(e)(1)(A).  "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement

1  extends both to the information included in the report and to the information given during the
2  expert's deposition." Fed. R. Civ. P. 26(e)(2). Rule 26(e) creates a duty to supplement, not a right.
3  *See Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009)
4  (holding district court did not abuse its discretion in excluding untimely expert declarations). Rule
5  26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its
6  advantage after the deadline has passed. *Id.* Indeed, supplementation means "correcting
7  inaccuracies . . . based on information that was not available at the time of the initial disclosure."
8  *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding second disclosure
9  so substantially different from first that it could not qualify as a correction of an incomplete or
10 inaccurate expert report)).

11       Rule 26(e) does not limit the time for supplementation to the discovery period. *Dayton*
12 *Valley Investors, LLC v. Union Pacific*, 2010 WL 3829219 (citing *EEOC v. Bill Heard Chevrolet*
13 *Corp.*, 2009 WL 2489282 (D. Nev.)). The timing of supplementation is best gauged in relation to
14 availability of the supplemental information. *Dayton Valley Investors*, 2010 WL 3829219 *3
15 (citation omitted). When considering supplemental information provided under Rule 26(e) the
16 issues are (1) does the supplemental information correspond to a prior Rule 26(a) disclosure, and
17 (2) was the supplemental information available at the time set for the initial disclosure. The initial
18 Rule 26(a)(2)(B) disclosure here was missing the two most recent years of information. The
19 information was missing at the time of disclosure. This is not an instance where the expert testified
20 or was deposed in a case subsequent to the initial disclosure. The approximately 40 cases that were
21 not disclosed until after the expert's deposition, and one week before the close of discovery, were
22 known at the time of the initial disclosure. Consequently, the Court finds that the disclosure of the
23 supplemental information does not render the initial failure harmless. *See Sierra Club v. Cedar*
24 *Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996) (the purpose of supplementing an expert report is
25 not to extend the expert disclosure deadline).

26       Plaintiff also argues that Defendant can show no prejudice from the insufficient disclosures
27 and "provides absolutely no authority to support its position that a disclosure which contains a
28 [curriculum vitae] and list of cases that is a couple of years old warrants the exclusion of an expert

witness." The Court confesses itself somewhat surprised at Plaintiff's position that there is no authority for the position that exclusion is an appropriate sanction for failure to provide an accurate list of cases. A cursory review of cases just from the District of Nevada show several cases where this exact remedy has been applied. *See Oliva v. National City Corp.* 2010 WL 1949600 (D. Nev.) (striking experts for failure to provide accurate disclosures and supplemental information); *Hicks v. Dairyland Ins. Co.*, 2009 WL 2243794 (D. Nev.) (striking expert for failure to provide accurate list of prior cases); *Elgas*, 179 F.R.D. 296 (striking expert for failure to provide a complete list of cases). The Court also rejects Plaintiff's argument that the disclosure failures are not prejudicial and agrees with the rationale set forth in *Hicks v. Dairyland Ins. Co.*, 2009 WL 2243794 (D. Nev.):

> [T]he obvious purpose for requiring a list of prior testimony is to enable opposing counsel to obtain prior testimony, eliminate unfair surprise to the opposing party, and to conserve resources. The court also concurs that an expert witness may not shift the burden of researching prior testimony to the discovering party by providing sketchy or inaccurate information.

*Hicks*, 2009 WL 2243794 *7.

Finally, Plaintiff argues that the requested sanction is disproportionately severe. The Court agrees that the sanction would be severe and make Plaintiff's case more difficult. However, the violations here are, in the undersigned's view, particularly egregious. To disclose information that is outdated by approximately two years at the time of disclosure, and then attempt to supplement the information after the expert deposition and less than one week from the close of discovery, shows a careless, almost flippant, disregard for the Rules, the Court, and the opposing party. The disclosure of approximately 40, previously undisclosed, cases in which the expert had testified at trial or been deposed after an expert deposition has occurred is not consistent with the letter or spirit of the Federal Rules of Civil Procedure. The failure to disclose the cases is particularly pronounced where, as here, they occurred in the immediate two years prior to disclosure. Thus, although the sanction of exclusion is severe, it is appropriate.

The Court will not limit exclusion just to trial, but concludes it should apply for all purposes. Thus, Plaintiff "is not allowed us use [the] information or witness to supply evidence on a motion, at a hearing, or at trial." Having determined exclusion is appropriate under Rule 37(c), the Court does not address Defendant's *Daubert* claim contained within the current motion (#113).

The Court also finds that Defendant's Motion (#47) is now moot.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant JJS Development, LLC's Motion to Strike the Expert Report and Opinions of David Elliott (#113) is **granted** as set forth herein.

**IT IS FURTHER ORDERED** that Defendants' Motion (#47) is **denied as moot**.

DATED this 31st day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**