# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PEGGY CARRILLO, ) | |
|        Plaintiff, ) | Case No. 2:11-cv-01450-RCJ-CWH |
| vs. ) | **ORDER** |
| B&J ANDREWS ENTERPRISES, LLC, *et al.*, ) | |
|        Defendants. ) | |

      This matter is before the Court on Plaintiff Peggy Carrillo's Motion for Clarification (#136), filed February 15, 2013.

      Plaintiff requests clarification of her deadline to file a response to Defendants' motion for attorney fees (#134). The request is premised on the erroneous belief that there are conflicting orders regarding the deadline for response. In its order (#130), the undersigned set a shortened, specific briefing period for Defendants' motion for fees. Defendants filed a timely motion for attorney fees via the Court's electronic filing system ("CM/ECF"). (#134). Notice of the filing went out electronically. *See* Ex. 1 attached to Pl.'s Mot. (#136). As it always does, the CM/ECF system automatically generated a response date. Now, in an effort to circumvent the Court's previously ordered briefing schedule, Plaintiff's counsel argues that the notice automatically generated by the CM/ECF system constitutes a conflicting court order. The notice automatically generated when a party electronically files a motion is not a court order. Consequently, the Court must determine whether Plaintiff's counsel has demonstrated excusable neglect, pursuant to both Fed. R. Civ. P. 6(b)(1)(B) and Local Rule ("LR") 26-4, for his failure to comply with the ordered briefing schedule.

      In evaluating excusable neglect, the court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in

good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 n. 4 (9th Cir.1996). The reason for delay in this case is, essentially, a calendaring error. Although a weak justification, the Ninth Circuit has determined that a calendaring error likely constitutes excusable neglect. *See e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010). Permitting additional time for Plaintiff to file a response will have minimal, if any, impact on the proceedings in this matter. Additionally, any prejudice to the Defendants can be minimized by extending the time to file a reply.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clarification (#136) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff's response to Defendants' motion (#134) shall be filed not later than **12:00 p.m. on Wednesday, February 20, 2013**. Defendants reply, if any, shall be filed by **Monday, February 25, 2013.**

DATED this 19th day of February, 2013.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**