**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PEGGY CARRILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B&J ANDREWS ENTERPRISES, LLC d/b/a BOULDER OAKS COMMUNITY ASSOCIATION AND FIRST COLUMBIA COMMUNITY MANAGEMENT, INC. RV RESORT, a Nevada limited liability company; FIRST COLUMBIA COMMUNITY MANAGEMENT INC., a Nevada Corporation; BOULDER OAKS COMMUNITY ASSOCIATION AND FIRST COLUMBIA COMMUNITY MANAGEMENT, INC. COMMUNITY ASSOCIATION, a Nevada non-profit corporation; JJS DEVELOPMENT LLC DBA JAN PRO CLEANING SYSTEMS OF LAS VEGAS AND JAN PRO FRANCHISING INTERNATIONAL, INC. DEVELOPMENT, LLC d/b/a JAN PRO CLEANING SYSTEMS OF LAS VEGAS, a Nevada limited liability company; JAN PRO FRANCHISING INTERNATIONAL, INC., a Georgia corporation; DOES I-X and ROE CORPORATIONS I-X inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:11-cv-01450-JAD-CWH<br><br>**Order Granting Motion For Good Faith Settlement between Plaintiff and the Boulder Oaks and First Columbia Defendants [#146] and Denying as Moot the Settling Defendants' Pending Motions [#108, #133]** |

Before the Court is Defendants Boulder Oaks Community Association and First Columbia Community Management, Inc.'s Motion for Good Faith Settlement, asking the Court to approve these Settling Defendants' $150,000 settlement with the Plaintiff as a good-faith settlement as

1  contemplated by Nev. Rev. Stat. § 17.245.  Both the Plaintiff and the non-settling JJS/Jan Pro
2  defendants filed statements of non-opposition to the motion for good-faith settlement.  [Docs.
3  148, 149].  Having considered the papers and pleadings on file and the oral argument of counsel
4  for the Settling Defendants, and having considered and applied the factors articulated in *In re*
5  *MGM Grand Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983), for good-faith settlement
6  determinations, and with good cause appearing, the Court exercises its discretion under *Velsicol*
7  *Chemical v. Davidson*, 811 P.2d 561 (Nev. 1991), and grants the motion for good faith settlement.
8  [Doc. 146].

### Discussion

10  While the *Velsicol* court declined to specifically adopt the factors previously enunciated in
11 *In re MGM Grand Fire Litigation* for determining whether a settlement is in good faith, the
12 Nevada Supreme Court subsequently held in *The Doctor's Company v. Vincent*, that the *MGM*
13 factors including "[t]he amount paid in settlement, the allocation of the settlement proceeds
14 among plaintiffs,[i] the insurance policy limits of settling defendants, the financial condition of
15 settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the
16 interests of non-settling defendants" may be relevant to a district court's determination of good
17 faith.  98 P.3d 681, 686 (Nev. 2004) (quoting *MGM*, 570 F. Supp. at 927).  Application of the
18 *MGM* factors compels a good faith determination in this case.

19  **A.  The Amount Paid in Settlement is Sufficient.**

20  Under the settlement, the Settling Defendants will pay Plaintiff the sum of $150,000.00,
21 and all parties agree to bear their own attorneys' fees and costs.  The Court finds that this sum
22 is sufficient and reasonable when weighing the totality of risk for both parties to proceed with
23 further litigation.  Plaintiff filed a non-opposition to Defendants' Motion for Good Faith
24 Settlement and did not even appear at the hearing on this motion, demonstrating that Plaintiff
25 believes that the amount paid in settlement is sufficient.  Even the non-settling defendants have
26 offered a written non-opposition and voiced no objection to any aspect of the settlement deal at
27 the good-faith-settlement hearing.  Moreover, at the time the settlement was reached, the Settling

Defendants had a motion for partial summary judgment pending on several issues including liability. [Doc. 108]. When weighed against the risk and costs of continued litigation, the settlement amount is particularly reasonable and sufficient.

### B. The Insurance Policy Limits and Financial Condition of the Settling Defendant

Although the $2 million policy limits of the Settling Defendants are greater than the $150,000.00 settlement offer, no party contends that the Settling Defendants' policy limits bear any relationship to the fair value of this case or the instant settlement. Moreover, the non-settling defendants have a $1 million policy and filed a non-opposition to the Defendants' good faith settlement motion. Thus, these factors have no impact on the determination that this settlement was entered in good faith.

### C. No Evidence of Collusion, Fraud, or Tortious Conduct

Finally, the Court finds no evidence of collusion, fraud or tortious conduct aimed to injure the interests of the non-settling defendants, who expressly do not oppose this settlement. The Court finds that the settlement was negotiated at arms-length and in good faith to reduce the risk of trial to both parties.

The totality of the circumstances—both independently and examined under the framework of the *MGM* factors—compel the conclusion that this settlement was entered in good faith and that the motion for good faith determination [Doc. 146] should be granted. This good faith settlement determination renders moot the settling defendants' pending Motion for Partial Summary Judgment [Doc. 108] and Motion to Strike Portions of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 133].

### **O R D E R**

Accordingly, with good cause appearing and no reason for delay,

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that the Motion for Good Faith Settlement **[Doc. 146]** is **GRANTED**; the settlement between Plaintiff and Defendants BOULDER OAKS COMMUNITY ASSOCIATION and FIRST COLUMBIA COMMUNITY MANAGEMENT, INC. was entered in good faith as contemplated by Nev. Rev. Stat. § 17.245;

1     **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to NRS
2  17.245(1)(b) that all current and future claims for contribution and equitable indemnity against
3  Defendants BOULDER OAKS COMMUNITY ASSOCIATION and FIRST COLUMBIA
4  COMMUNITY MANAGEMENT, INC. are barred and dismissed with prejudice; thus, any and
5  all claims, cross-claims, counter-claims, and/or third-party claims by JJS DEVELOPMENT LLC
6  dba JAN PRO CLEANING SYSTEMS OF LAS VEGAS and JAN PRO FRANCHISING
7  INTERNATIONAL, INC. for contribution and indemnity against Defendants BOULDER OAKS
8  COMMUNITY ASSOCIATION and FIRST COLUMBIA COMMUNITY MANAGEMENT,
9  INC. are hereby **DISMISSED** with prejudice;

10    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all claims
11  arising from Case No. 2:11-cv-01450-JAD-CWH as between Plaintiff PEGGY CARILLO and
12  Defendants BOULDER OAKS COMMUNITY ASSOCIATION and FIRST COLUMBIA
13  COMMUNITY MANAGEMENT, INC. are hereby dismissed with prejudice, each side to bear its
14  own attorneys' fees and costs.

15    **IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment [**Doc. 108**]
16  and Motion to Strike Portions of Plaintiff's Opposition to Defendants' Motion for Partial
17  Summary Judgment **[Doc. #133]** are **DENIED** as moot.

18    Dated:  November 21, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[i] This factor is not relevant here because there is only one plaintiff, hence no allocation.

4